**Charles Lee STAFFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37359.**

Court of Criminal Appeals of Texas.

Dec. 2, 1964.

No attorney for appellant on appeal.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Mark A. Troy, Jr., Louis Francis and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is Driving While Intoxicated; the punishment a fine of $50.00 and 3 days.

The state's testimony adduced from witnesses Don W. Vickery, R. L. Boggs, and H. R. McCandless, Jr. reflects that they were parked at a 7–11 Store when appellant's car struck their vehicles and knocked one of the cars up on the apron of the store. Witness Vickery testified that he saw an open can of beer in appellant's car and smelled a very strong odor of alcohol. The witness related that he was standing right by the door when appellant got out of the car. Mr. Vickery further related that he sustained a fractured skull by being thrown from his car when it was struck by appellant's car. He gave his opinion that appellant was intoxicated. Witness Boggs testified that his car was struck by a car that had been hit by appellant's car. It was his opinion that appellant was drunk. Mr. Mc-Candless testified that he was at the ice house portion of the store when his car was struck. It was his opinion that appellant was intoxicated. Dallas Police Officers, William R. Patterson, Ivan R. Stephens, and R. D. Wilson all testified that they smelled a strong alcoholic odor; appellant's eyes were bloodshot and respectively stated, "I would say that he was intoxicated"; "I noticed he was intoxicated"; "He was drunk". Officer Wilson testified that the offense took place in Dallas, Dallas County, Texas.

Appellant adduced testimony which reflected that he had gone to the Veteran's Hospital and subsequently talked to a Dr. Patterson after the accident or offense in question. The medical records reflected a history of "blackouts". Appellant testified in his own behalf and denied he was intoxicated but admitted having had six beers. It was appellant's contention that he had a blackout at the time he crashed into the cars; that he was injured in the accident and could not speak well because his mouth was filled with blood. The jury resolved the issues in favor of the state, rejecting appellant's version of the transaction.

We find the evidence sufficient to sustain the jury's verdict.

There are no formal bills of exception, nor has a brief been filed in appellant's behalf.

Finding no reversible error, the judgment is affirmed.